# In the Matter of Oscar Misselwitz, an Alleged Lunatic. Sedlinger's Appeal.

*Jurisdiction, Superior Court—Certificate of amount in controversy.*

Where parties differ as to the amount really in controversy and no certificate is filed by the judge of the court below as to the value of property, and the judge below does certify that he cannot determine the amount of the estate, and where it does not appear affirmatively from the record that such amount is not greater than $1,000, the Superior Court will certify the case to the Supreme Court.

Argued Jan. 16, 1895. Appeal No. 50, Nov. T., 1895, by Mathias Sedlinger et al., attorneys in fact for Oscar Misselwitz, from the decree of the court of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 651, appointing a receiver of the estate of Oscar Misselwitz, an alleged lunatic, pendente lite. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, ORLADY and SMITH, JJ. Certified to Supreme Court.

In the matter of Oscar Misselwitz, an alleged lunatic, petition for commission in the nature of a writ de lunatico inquirendo and petition for appointment of a receiver pendente lite.

## ORDER BY SUPERIOR COURT.

On January 17, 1896, as it was averred upon the part of appellant and denied by the appellee that the amount of the estate of Oscar Misselwitz is within the jurisdiction of the court, it is ordered that the attorney for the appellant procure a certificate from the judge who entered the decree in the court below of the amount involved in accordance with the act of June 24, 1895, and file same of record in the cause with the prothonotary of this court in Philadelphia within the next fifteen days.

In obedience to above order the following certificate was procured and filed on January 31, 1896.

## CERTIFICATE OF COURT BELOW.

In compliance with the order of said court entered in above proceeding and dated January 17, 1896, directing that a

certificate be made as to the amount in controversy, it appeared from the record in said cause that an application was made by petition of Bertha Misselwitz for a commission de lunatico inquirendo, and Francis E. Brewster, Esq., was appointed commissioner; it also appears from the record that a petition was presented for the appointment of a receiver pendente lite, that the petition alleges that there will be a balance of about $1,000, in the hands of the sheriff of said county realized from the sale of said real estate over and above the mortgages and judgment, and said petition averred that proceedings to establish the lunacy of said Oscar Misselwitz were then pending, and to prevent the further waste of the estate of the said Oscar Misselwitz, the court of C. P. No. 1 of Phila. Co. did on November 9, 1895, appoint a receiver of said estate of said Oscar Misselwitz pendente lite and direct security to be entered in the sum of $1,500.   And it further appears by the execution docket of the sheriff of said county in the judgment referred to in said petition, that there was paid to said receiver the sum of $996.06 being the amount actually in the hands of the sheriff at the time the petition was presented the court of C. P. No. 1 of Phila. Co. exclusive of other property of the alleged lunatic evidence of which appears in the report and finding of the commission de lunatico inquirendo, and jury, now on file.   It is, therefore, hereby certified that the amount of the alleged lunatic's estate does not appear, that the amount in the sheriff's hands in relation to which a receiver was asked was less than $1,000.   I cannot certify that the amount in controversy was any special amount as the proceeding was not to determine the ownership of any sum of money or thing of monetary value but was one to determine the sanity of Oscar Misselwitz.

F. AMÉDÉE BRÉGY,
Judge of C. P. 1, 1st. J. D.

*Error assigned* was appointment of a receiver of the estate of Oscar Misselwitz, an alleged lunatic, pendente lite.

*Jos. L. Tull*, for appellant.

*Henry C. Terry*, for appellee.

OPINION BY REEDER, J., February 20, 1896:

No certificate having been filed by the judge of the court below who heard this case as to the value of the property, the possession of which is involved in this proceeding, and as the judge of the court below certifies that he cannot determine the amount of the estate the possession of which is in controversy and inasmuch as by the act of June 24, 1895, it must affirmatively appear from the record that the amount involved is not greater than $1,000 or a certificate to that effect must be filed by the judge whose action, order or decree is appealed from, in order to give this court jurisdiction, and as it is not possible for us to determine from the record before us that the value of the property the possession of which is involved in this appeal is within the jurisdiction of this court, therefore now, February 20, 1896, this case is certified to the Supreme Court of the Commonwealth of Pennsylvania.